```
            UNITED STATES DISTRICT COURT
              DISTRICT OF NEW HAMPSHIRE
```

<u>United States</u>

    v.                              Criminal No. 06-cr-168-01-PB

<u>Jesus Lopez</u>

### **O R D E R**

On March 21, 2011, defendant appeared for a "probable cause" hearing under Fed. R. Crim. P. 32.1 on four alleged violations of conditions of supervision.  Defendant stipulated to probable cause on the violations.  I therefore find probable cause that defendant has violated the conditions as charged in the petition.

Defendant sought bail conditions under Rule 32.1(a)(6). The government sought detention.  Under Rule 32.1(a)(6), defendant bears the burden of establishing by clear and convincing evidence that he will not flee and that he poses no danger to any other person or to the community.  Based on the evidence presented at today's hearing, and for the reasons stated on the record, defendant has failed to meet his burden of persuading the court that his release poses no danger to any other person or to the community.

The court stated on the record its reasons for detaining defendant.  Those reasons are summarized below:

- On or about February 28, 2011, while on supervised release, defendant was arrested for violating a restraining order and for stalking. The alleged victim, Ms. Sanchez, is defendant's former girlfriend. After being released on bail on those state charges, defendant has continued to make both direct and indirect contact with Ms. Sanchez.

- Daniel Gildea, defendant's supervising officer, has spoken directly with Ms. Sanchez, whom he found credible. Ms. Sanchez stated that she is in fear of defendant, and she told Mr. Gildea that he continues to make telephone calls to her despite the restraining order. Ms. Sanchez reported to Mr. Gildea that calls to her from defendant occurred as recently as March 20, 2011. Ms. Sanchez explained that she is familiar with defendant and recognized his voice during each of his telephone calls to her.

- Prior to March 20, 2011, Mr. Gildea made clear to defendant (on four separate occasions) that he was not to engage in either direct or indirect contact with Ms. Sanchez (his former girlfriend and the alleged victim in the underlying domestic case). Mr. Gildea explained to defendant that he could not use texting or social networks (such as Facebook) to communicate

even indirectly with Ms. Sanchez. Despite Mr. Gildea's clear instructions, it is undisputed that defendant used Facebook to communicate with an individual close to Ms. Sanchez. Defendant's communications are grotesque in nature and contain a tone of jealous anger due to the fact that Ms. Sanchez has a new boyfriend.

- Mr. Sanchez's current boyfriend has directed angry communications toward defendant. The court is troubled by the escalating nature of the hostility between defendant and Ms. Sanchez's boyfriend, and the timing of the recent (March 19, 2011) vandalism of Ms. Sanchez's boyfriend's car.

- Defendant has a criminal history of domestic violence. Of particular concern to the court are his 2004 convictions for stalking and criminal threatening, which occurred while he was on parole for an armed robbery conviction.

- The court considered electronic monitoring and home detention as possible conditions to address the danger that defendant poses. The court was persuaded by Mr. Gildea's argument, however, that electronic monitoring will offer little protection in light of the proximity of defendant's residence to that of Ms. Sanchez.

3

The court finds that defendant did not meet his burden to show by clear and convincing evidence that his release, even on strict conditions, would pose no danger to any other person or the community. Accordingly, it is **ORDERED** that the defendant be detained pending a final revocation hearing.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

 _____
 Landya B. McCafferty
 United States Magistrate Judge

Date: March 22, 2011
cc: Jeffrey S. Levin, Esq.
    Arnold H. Huftalen, Esq.
    U.S. Marshal
    U.S. Probation